**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

JUN 1 5 2009

CLI___ ___URT

WIAV SOLUTIONS LLC,
a Virginia company,

        Plaintiff,

    v.

Civil Action No. 3:09CV373

REP

KYOCERA CORPORATION,
a Japanese company,

KYOCERA WIRELESS CORPORATION,
a Delaware company,

and

**JURY TRIAL DEMANDED**

KYOCERA COMMUNICATIONS, INC.,
a Delaware company,

        Defendants; and

MINDSPEED TECHNOLOGIES, INC.,
a Delaware company,

        Defendant Patent Owner.

## COMPLAINT

1.    Plaintiff WiAV Solutions LLC ("WiAV"), by and through its attorneys,

hereby demands a jury trial and complains of Defendants Kyocera Corporation, Kyocera

Wireless Corporation, and Kyocera Communications, Inc. (collectively, "Defendants") as

set forth below.  Mindspeed Technologies, Inc. ("Mindspeed") is named as a party to this

litigation and denominated as a defendant patent owner.

### NATURE OF THE ACTION

2.    This is an action for patent infringement arising under the patent laws of the

United States, 35 U.S.C. §§ 271, *et seq.* to enjoin and obtain damages resulting from Defendants' unauthorized manufacture, use, sale, offer to sell and/or importation into the United States for subsequent use or sale of products, methods, processes, services and/or systems that infringe one or more claims of United States Patent No. 6,256,606 ("the '606 Patent"), entitled "Silence description coding for multi-rate speech codecs," United States Patent No. 7,120,578 ("the '578 Patent"), entitled "Silence description coding for multi-rate speech codecs," United States Patent No. 6,507,814 ("the '814 Patent"), entitled "Pitch determination using speech classification and prior pitch estimation," United States Patent No. 7,266,493 ("the '493 Patent"), entitled "Pitch determination based on weighting of pitch lag candidates," United States Patent No. 6,633,841 ("the '841 Patent"), entitled "Voice activity detection speech coding to accommodate music signals," United States Patent No. 6,104,992 ("the '992 Patent"), entitled "Adaptive gain reduction to produce fixed codebook target signal," United States Patent No. 6,385,573 ("the '573 Patent"), entitled "Adaptive tilt compensation for synthesized speech residual," United States Patent No. 6,539,205 ("the '205 Patent"), entitled "Traffic channel quality estimation from a digital control channel," and United States Patent No. 6,680,920 ("the '920 Patent"), entitled "Power management system for a mobile station" (collectively the "Patents-in-Suit"). WiAV seeks injunctive relief to prevent Defendants from continuing to infringe the Patents-in-Suit. In addition, WiAV seeks a recovery of monetary damages resulting from Defendants' past infringement of these patents.

3.     This action for patent infringement involves Defendants' manufacture, use, sale, offer for sale, and/or importation into the United States of infringing products, methods, processes, services and systems that operate using Global System for Mobile

("GSM") communications and/or that utilize certain speech and audio codecs.

## THE PARTIES

4.      Plaintiff WiAV is a limited liability company organized under the laws of Virginia with its principal place of business at 8133 Leesburg Pike, Suite 640, Vienna, VA 22182 in the judicial district of the Eastern District of Virginia.

5.      Plaintiff WiAV is the lawful assignee of all right, title and interest in and to the '205 Patent and the '920 Patent.

6.      Defendant Patent Owner Mindspeed is a Delaware corporation with its principal place of business at 4000 MacArthur Blvd., East Tower, Newport Beach, CA 92660.

7.      Mindspeed is the lawful assignee of all right, title and interest in and to the '606 Patent, the '578 Patent, the '814 Patent, the '493 Patent, the '841 Patent, the '992 Patent, and the '573 Patent.

8.      As a result of the foregoing, Mindspeed has an interest in the outcome of this litigation, is subject to personal jurisdiction in this Court, and is a proper party to this action as either a plaintiff, defendant, or involuntary plaintiff, whichever designation is deemed appropriate by the Court.

9.      Plaintiff WiAV is an exclusive licensee with a right of enforcement in a specified field of use under the '606 Patent, the '578 Patent, the '814 Patent, the '493 Patent, the '841 Patent, the '992 Patent, and the '573 Patent. Pursuant to WiAV's exclusive license, WiAV has the right to bring suit for infringement of the '606 Patent, the '578 Patent, the '814 Patent, the '493 Patent, the '841 Patent, the '992 Patent, and the '573 Patent in the specified field of use.

10.     On information and belief, Defendant Kyocera Communications, Inc. is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 10300 Campus Point Drive, San Diego, California 92121. On further information and belief, Kyocera Communications, Inc. was formerly known as Kyocera Sanyo Telecom, Inc.  Kyocera Communications, Inc. makes, uses, sells, offers for sale and/or imports into the United States certain products that infringe the Patents-in-Suit. The infringing products and services include, without limitation, products and services that operate according to the GSM standard and/or that use certain speech and audio codecs, such as, by way of example, the E3500, Katana Eclipse, Katana Eclipse X, and/or other Kyocera Communications, Inc. communication devices that are capable of wireless communication of real-time voice and communicate directly to equipment normally sold to wireless wide area network service providers, including base stations, base station controllers, and mobile switching center gateways.

11.     On information and belief, Defendant Kyocera Wireless Corporation is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 10300 Campus Point Drive, San Diego, California 92121. Kyocera Wireless Corporation makes, uses, sells, offers for sale and/or imports into the United States certain products that infringe the Patents-in-Suit.  The infringing products and services include, without limitation, products and services that operate according to the GSM standard and/or that use certain speech and audio codecs, such as, by way of example, the E3500, Katana Eclipse, Katana Eclipse X, and/or other Kyocera Communications, Inc. communication devices that are capable of wireless communication of real-time voice and communicate directly to equipment normally sold to wireless wide

area network service providers, including base stations, base station controllers, and mobile switching center gateways.

12.     On information and belief, Defendant Kyocera Corporation is a Japanese Corporation with its principal place of business at 6, Takeda Tobadono-Cho, Fushimi-Ku Kyoto MO 612-8501.  Kyocera Corporation makes, uses, sells, offers for sale and/or imports into the United Slates certain products that infringe the Patents-in-Suit.  The infringing products and services include, without limitation, products and services that operate according to the GSM standard and/or that use certain speech and audio codecs, such as, by way of example, the E3500, Katana Eclipse, Katana Eclipse X, and/or other Kyocera Communications, Inc. communication devices that are capable of wireless communication of real-time voice and communicate directly to equipment normally sold to wireless wide area network service providers, including base stations, base station controllers, and mobile switching center gateways.

## JURISDICTION AND VENUE

13.     This Court has jurisdiction over the subject matter of this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

14.     Defendants are subject to personal jurisdiction in the Commonwealth of Virginia because they regularly transact business in this judicial district and division by, among other things, offering their products and services to customers, business affiliates and partners located in this judicial district and division.  In addition, Defendants have committed acts of direct infringement, contributory infringement, and/or inducement of infringement, of one or more of the claims of one or more of the Patents-in-Suit in this judicial district and division.

15. Defendant Patent Owner Mindspeed is subject to personal jurisdiction in this Court by virtue of its business dealings with WiAV, a Virginia company.

16. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because Defendants are subject to personal jurisdiction in this district and have committed acts of infringement in this district and Defendant Patent Owner Mindspeed is subject to personal jurisdiction in this district.

## FACTUAL BACKGROUND

17. The Patents-in-Suit are directed to various aspects of encoding and decoding of signals and signal transmission.

18. The first patent in suit, the '606 Patent, was duly and legally issued on July 3, 2001.

19. The second patent in suit, the '578 Patent, was duly and legally issued on October 10, 2006.

20. The third patent in suit, the '814 Patent, was duly and legally issued on January 14, 2003.

21. The fourth patent in suit, the '493 Patent, was duly and legally issued on September 4, 2007.

22. The fifth patent in suit, the '841 Patent, was duly and legally issued on October 14, 2003.

23. The sixth patent in suit, the '992 Patent, was duly and legally issued on August 15, 2000.

24. The seventh patent in suit, the '573 Patent, was duly and legally issued on May 7, 2002.

25.     The eighth patent in suit, the '205 Patent, was duly and legally issued on March 25, 2003.

26.     The ninth patent in suit, the '920 Patent, was duly and legally issued on January 20, 2004.

### Defendants' Products and Processes Infringe the Patents-in-Suit

27.     Defendants market, make, use, sell, offer for sale and/or import into the United States products and services that directly infringe, contributorily infringe and/or induce others to infringe, or are used to practice processes that infringe, one or more claims of the Patents-in-Suit. Defendants' infringing products and services include, without limitation, products that operate according to the GSM standard and/or that use certain speech and audio codecs.

### WiAV Has Been Irreparably Harmed by Defendants' Continued Infringement

28.     WiAV has been irreparably harmed by Defendants' infringement of its valuable patent rights.  Moreover, Defendants' unauthorized, infringing use of systems and methods covered by the Patents-in-Suit has threatened the value of this intellectual property because Defendants' conduct results in WiAV's loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and/or importing the patented inventions.

29.     Defendants' disregard for WiAV's property rights similarly threatens WiAV's relationships with potential licensees of this intellectual property.  Defendants will derive a competitive advantage over any of WiAV's future licensees from using WiAV's patented technology without paying compensation for such use.  Accordingly, unless and until Defendants' continued acts of infringement are enjoined, WiAV will suffer further

irreparable harm for which there is no adequate remedy at law.

## COUNT I
### (Infringement of United States Patent No. 6,256,606)

30.     Paragraphs 1 through 29 are incorporated by reference as if fully restated herein.

31.     Mindspeed is the assignee and lawful owner of all right, title and interest in and to the '606 Patent.  WiAV is an exclusive licensee in a field of use under the '606 Patent.

32.     Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '606 Patent.

33.     Defendants have been and continue infringing one or more of the claims of the '606 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendants' wrongful conduct has caused WiAV to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

34.     WiAV is entitled to recover damages adequate to compensate for the infringement.

## COUNT II
### (Willful Patent Infringement of United States Patent No. 6,256,606)

35.     Paragraphs 1 through 34 are incorporated by reference as if fully restated herein.

36.     Defendants' infringement has been willful, deliberate and with knowledge of WiAV's rights under the '606 Patent, and unless Defendants are enjoined by this Court, such acts of willful infringement by Defendants will continue.  Therefore, WiAV is without adequate remedy at law.  WiAV is entitled to recover damages adequate to compensate for the infringement of the '606 Patent, as well as additional damages for willful infringement including increased damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT III
### (Infringement of United States Patent No. 7,120,578)

37.     Paragraphs 1 through 36 are incorporated by reference as if fully restated herein.

38.     Mindspeed is the assignee and lawful owner of all right, title and interest in and to the '578 Patent.  WiAV is an exclusive licensee in a field of use under the '578 Patent.

39.     Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '578 Patent.

40.     Defendants have been and continue infringing one or more of the claims of the '578 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendants' wrongful conduct has caused WiAV to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using,

selling, offering to sell and importing the patented inventions.

41.     WiAV is entitled to recover damages adequate to compensate for the infringement.

## COUNT IV
### (Willful Patent Infringement of United States Patent No. 7,120,578)

42.     Paragraphs 1 through 41 are incorporated by reference as if fully restated herein.

43.     Defendants' infringement has been willful, deliberate and with knowledge of WiAV's rights under the '578 Patent, and unless Defendants are enjoined by this Court, such acts of willful infringement by Defendants will continue.  Therefore, WiAV is without adequate remedy at law.  WiAV is entitled to recover damages adequate to compensate for the infringement of the '578 Patent, as well as additional damages for willful infringement including increased damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT V
### (Infringement of United States Patent No. 6,507,814)

44.     Paragraphs 1 through 43 are incorporated by reference as if fully restated herein.

45.     Mindspeed is the assignee and lawful owner of all right, title and interest in and to the '814 Patent.  WiAV is an exclusive licensee in a field of use under the '814 Patent.

46.     Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of

systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '814 Patent.

47.    Defendants have been and continue infringing one or more of the claims of the '814 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused WiAV to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

48.    WiAV is entitled to recover damages adequate to compensate for the infringement.

## COUNT VI
### (Willful Patent Infringement of United States Patent No. 6,507,814)

49.    Paragraphs 1 through 48 are incorporated by reference as if fully restated herein.

50.    Defendants' infringement has been willful, deliberate and with knowledge of WiAV's rights under the '814 Patent, and unless Defendants are enjoined by this Court, such acts of willful infringement by Defendants will continue. Therefore, WiAV is without adequate remedy at law. WiAV is entitled to recover damages adequate to compensate for the infringement of the '814 Patent, as well as additional damages for willful infringement including increased damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT VII
### (Infringement of United States Patent No. 7,266,493)

51.    Paragraphs 1 through 50 are incorporated by reference as if fully restated herein.

52.     Mindspeed is the assignee and lawful owner of all right, title and interest in and to the '493 Patent.  WiAV is an exclusive licensee in a field of use under the '493 Patent.

53.     Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '493 Patent.

54.     Defendants have been and continue infringing one or more of the claims of the '493 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendants' wrongful conduct has caused WiAV to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

55.     WiAV is entitled to recover damages adequate to compensate for the infringement.

## COUNT IIX
### (Willful Patent Infringement of United States Patent No. 7,266,493)

56.     Paragraphs 1 through 55 are incorporated by reference as if fully restated herein.

57.     Defendants' infringement has been willful, deliberate and with knowledge of WiAV's rights under the '493 Patent, and unless Defendants are enjoined by this Court, such acts of willful infringement by Defendants will continue.  Therefore, WiAV is without adequate remedy at law.  WiAV is entitled to recover damages adequate to

compensate for the infringement of the '493 Patent, as well as additional damages for

willful infringement including increased damages under 35 U.S.C. § 284 and attorneys'

fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT IX**
**(Infringement of United States Patent No. 6,633,841)**

58.     Paragraphs 1 through 57 are incorporated by reference as if fully restated

herein.

59.     Mindspeed is the assignee and lawful owner of all right, title and interest in

and to the '841 Patent.  WiAV is an exclusive licensee in a field of use under the '841

Patent.

60.     Defendants make, use, sell, offer to sell and/or import into the United States

for subsequent sate or use products, services, methods or processes that infringe, directly

and/or indirectly, or which employ systems, components and/or steps that make use of

systems or processes that infringe, directly and/or indirectly, one or more of the claims of

the '841 Patent.

61.     Defendants have been and continue infringing one or more of the claims of

the '841 Patent through the aforesaid acts, and will continue to do so unless enjoined by

this Court.  Defendants' wrongful conduct has caused WiAV to suffer irreparable harm

resulting from the loss of its lawful patent rights to exclude others from making, using,

selling, offering to sell and importing the patented inventions.

62.     WiAV is entitled to recover damages adequate to compensate for the

infringement.

**COUNT X**
**(Willful Patent Infringement of United States Patent No, 6,633,841)**

63.     Paragraphs 1 through 62 are incorporated by reference as if fully restated herein.

64.     Defendants' infringement has been willful, deliberate and with knowledge of WiAV's rights under the '841 Patent, and unless Defendants are enjoined by this Court, such acts of willful infringement by Defendants will continue.  Therefore, WiAV is without adequate remedy at law.  WiAV is entitled to recover damages adequate to compensate for the infringement of the '841 Patent, as well as additional damages for willful infringement including increased damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT XI**
**(Infringement of United States Patent No. 6,104,992)**

65.     Paragraphs 1 through 64 are incorporated by reference as if fully restated herein.

66.     Mindspeed is the assignee and lawful owner of all right, title and interest in and to the '992 Patent.  WiAV is an exclusive licensee in a field of use under the '992 Patent.

67.     Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '992 Patent.

68.     Defendants have been and continue infringing one or more of the claims of

the '992 Patent through the aforesaid acts, and will continue to do so unless enjoined by

this Court.  Defendants' wrongful conduct has caused WiAV to suffer irreparable harm

resulting from the loss of its lawful patent rights to exclude others from making, using,

selling, offering to sell and importing the patented inventions.

69.     WiAV is entitled to recover damages adequate to compensate for the

infringement.

## COUNT XII
### (Willful Patent Infringement of United States Patent No. 6,104,992)

70.     Paragraphs 1 through 69 are incorporated by reference as if fully restated

herein.

71.     Defendants' infringement has been willful, deliberate and with knowledge of

WiAV's rights under the '992 Patent, and unless Defendants are enjoined by this Court,

such acts of willful infringement by Defendants will continue.  Therefore, WiAV is

without adequate remedy at law.  WiAV is entitled to recover damages adequate to

compensate for the infringement of the '992 Patent, as well as additional damages for

willful infringement including increased damages under 35 U.S.C. § 284 and attorneys'

fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT XIII
### (Infringement of United States Patent No. 6,385,573)

72.     Paragraphs 1 through 71 are incorporated by reference as if fully restated

herein.

73.     Mindspeed is the assignee and lawful owner of all right, title and interest in

and to the '573 Patent.  WiAV is an exclusive licensee in a field of use under the '573

Patent.

74.     Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '573 Patent.

75.     Defendants have been and continue infringing one or more of the claims of the '573 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendants' wrongful conduct has caused WiAV to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

76.     WiAV is entitled to recover damages adequate to compensate for the infringement.

**COUNT XIV**
**(Willful Patent Infringement of United States Patent No. 6,385,573)**

77.     Paragraphs 1 through 76 are incorporated by reference as if fully restated herein.

78.     Defendants' infringement has been willful, deliberate and with knowledge of WiAV's rights under the '573 Patent, and unless Defendants are enjoined by this Court, such acts of willful infringement by Defendants will continue.  Therefore, WiAV is without adequate remedy at law.  WiAV is entitled to recover damages adequate to compensate for the infringement of the '573 Patent, as well as additional damages for willful infringement including increased damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT XV
### (Infringement of United States Patent No. 6,539,205)

79.     Paragraphs 1 through 78 are incorporated by reference as if fully restated herein.

80.     WiAV is the assignee and lawful owner of all right, title and interest in and to the '205 Patent.

81.     Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '205 Patent.

82.     Defendants have been and continue infringing one or more of the claims of the '205 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused WiAV to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

83.     WiAV is entitled to recover damages adequate to compensate for the infringement.

## COUNT XVI
### (Willful Patent Infringement of United States Patent No. 6,539,205)

84.     Paragraphs 1 through 83 are incorporated by reference as if fully restated herein.

85.     Defendants' infringement has been willful, deliberate and with knowledge of WiAV's rights under the '205 Patent, and unless Defendants are enjoined by this Court,

such acts of willful infringement by Defendants will continue. Therefore, WiAV is without adequate remedy at law. WiAV is entitled to recover damages adequate to compensate for the infringement of the '205 Patent, as well as additional damages for willful infringement including increased damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT XVII
### (Infringement of United States Patent No. 6,680,920)

86.     Paragraphs 1 through 85 are incorporated by reference as if fully restated herein.

87.     WiAV is the assignee and lawful owner of all right, title and interest in and to the '920 Patent.

88.     Defendants make, use, sell, offer to sell and/or import into the United States for subsequent sale or use products, services, methods or processes that infringe, directly and/or indirectly, or which employ systems, components and/or steps that make use of systems or processes that infringe, directly and/or indirectly, one or more of the claims of the '920 Patent.

89.     Defendants have been and continue infringing one or more of the claims of the '920 Patent through the aforesaid acts, and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused WiAV to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

90.     WiAV is entitled to recover damages adequate to compensate for the infringement.

## COUNT XVIII
### (Willful Patent Infringement of United States Patent No. 6,680,920)

91.     Paragraphs 1 through 90 are incorporated by reference as if fully restated herein.

92.     Defendants' infringement has been willful, deliberate and with knowledge of WiAV's rights under the '920 Patent, and unless Defendants are enjoined by this Court, such acts of willful infringement by Defendants will continue. Therefore, WiAV is without adequate remedy at law. WiAV is entitled to recover damages adequate to compensate for the infringement of the '920 Patent, as well as additional damages for willful infringement including increased damages under 35 U.S.C. § 284 and attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, WiAV prays for judgment against Defendants, granting WiAV the following relief:

A.     That this Court declare that Mindspeed is a proper party to this lawsuit;

B.     That this Court adjudge and decree that Defendants have infringed, directly and/or indirectly, the '606 Patent, the '578 Patent, the '814 Patent, the '493 Patent, the '841 Patent, the '992 Patent, the '573 Patent, the '205 Patent, and the '920 Patent;

C.     That this Court permanently enjoin Defendants, and their parents, subsidiaries, affiliates, successors and assigns, and each of their officers, directors, employees, representatives, agents, and attorneys, and all persons within their control, from making, using, selling, offering to sell, importing, or advertising products and/or services and/or employing systems, hardware, software and/or components and/or making use of systems or processes that

infringe any of the claims of the Patents-in-Suit, or otherwise engaging in acts of infringement of the Patents-in-Suit, all as alleged herein;

D.     That this Court order an accounting to determine the damages to be awarded to WiAV as a result of Defendants' infringement;

E.     That this Court order an accounting to determine the damages to be awarded to WiAV as a result of Defendants' infringement following the period of damages established by WiAV at trial;

F.     That this Court, pursuant to 35 U.S.C. § 284, enter an award to WiAV of such damages as it shall prove at trial against Defendants that are adequate to compensate WiAV for said infringement, said damages to be no less than a reasonable royalty together with interest and costs;

G.     That this Court find that Defendants' infringement is willful and enter an award of enhanced damages up to three times the amount of actual damages pursuant to 35 U.S.C. § 284;

H.     That this Court assess pre-judgment and post-judgment interest and costs against Defendants, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

I.     That this Court declare this case to be exceptional and direct Defendants to pay WiAV's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285; and

J.     That this Court grant to WiAV such other, further, and different relief as may be just and proper.

## JURY DEMAND

WiAV demands a trial by jury of all matters to which it is entitled to trial by jury

pursuant to Fed. R. Civ. P. 38.

Respectfully submitted,

_K. Kevin Mun_ (VA Bar No. 73247)
Echelon Law Group, PC
1919 Gallows Road, Suite 330
Vienna, Virginia 22182
Telephone: (703) 496-5000
Fax: (703) 579-0105
E-mail: kevin.mun@echelaw.com

Tae H. Kim
Andrew Choung
Echelon Law Group, PC
150 Spear Street, Suite 825
San Francisco, CA 94105
Telephone: (415) 830-9462
Facsimile: (415) 762-4191
E-mail: tae.kim@echelaw.com
E-mail: andrew.choung@echelaw.com

Adrian M. Pruetz
PRUETZ LAW GROUP LLP
200 N. Sepulveda Blvd., Suite 1525
El Segundo, CA 90245
Telephone: (310) 765 – 7650
Facsimile: (310) 765-7641
E-mail: ampruetz@pruetzlaw.com

Brian S. Seal
HIGHBURY CHAPMAN LLC
1629 K Street, NW, Suite 300
Washington, DC 20006
Telephone: (202) 508-1078
Facsimile: (202) 508-1478
E-mail: bsseal@hc-iplaw.com

Daniel S. Carlineo
CARLINEO, SPICER & KEE, LLC
2003 S. Easton Road, Suite 208
Doylestown, PA 18901
Telephone: (267) 880-1720
Fax: (267) 880-1721
E-mail: dcarlineo@techpats.com

*Attorneys for Plaintiff WiAV Solutions LLC*

Dated: June 15, 2009